Tilghman C. J.
In this case the counsel for the plaintiff took two bills of exceptions to the opinion of the Court below. The first was on the rejection of an exemplification under the hand and seal of the recorder of Huntingdon, of a deed of partition, dated 6th March, 1769, between William Coxe, William Peters, (by his attornies. Richard Peters, Richard Peters, jun., and James Biddle,) and William Trent. The subscribing witnesses to this deed were Andrew Robe *82 son and Alexander Graydon. Those witnesses were not pro» duced, nor was any account given of them ; but there was a Probate on the deed by the oath of Richard Peters, one of the said attornies of William Peters, and one of the plaintiffs in this suit, taken on the 16th May, 1803, since the commencement of the suit, before the recorder of the city of Philadelphia. Mr. Peters proved the hand writing of the witnesses, and the sealing and delivery of the deed by William Coxe, William Trent, James Biddle, Richard Peters, jun., and the deponent himself. The objections to this probate are insuperable. Richard Peters, being plaintiff in this suit, was not a competent witness, and if he had been, he could not be admitted to prove the execution of this deed, until it appeared,, that the subscribing witnesses were dead or not to be had. This the plaintiff’s counsel admits, but endeavours to support the probate as an acknowledgment by one of the grantors, which would be sufficient to have the deed put on record. But the probate is not all in the nature of an acknowledgment, nor could it at any rate be considered as an acknowledgment by one of the grantors, for William Peters is the grantee, represented by his three attornies, who are to acknowledge the instrument as his act and deed, and not as their own. Besides, this probate is altogether void, because the recorder of Philadelphia had no authority to enter it. By the act of 30th September, 1791, the recorder of the city of Philadelphia has power, “ to receive the proof or acknow- “ ledgtaent of all instruments of writing in the same manner “ as the justices of the peace might or could have done, un~ “ der the act entitled, “ an act for acknowledging and record- “ ing of deeds,” passed the 28th May, 1715, or as the justices of the Common Pleas might or could have done, by one other act, entitled, “ a supplement to the act, entitled, an act “for acknowledging and recording of deeds,” passed 18th March, 1775. Now by reference to these acts it will appear, that none but justices of the peace, or of the Common Pleas of the county in which the lands were situated, had power to .take proof or acknowledgment of the deed whereby the lands were conveyed; consequently, the recorder of Philadelphia could receive the proof of deeds only within the city, or at most the county of Philadelphia. The power was enlarged i» part by the act of 11th April, 1799, by which the recorder *83 -of Philadelphia was authorised t6 take acknowledgments of deeds for lands, ini any part of the commonwealth. Why was he not also authorised to receive the proof of deeds ? I know not; but as no such authority was given, we cannot confer it on him. I am of opinion, therefore, that the exemplification, offered in this case, was not evidence, the original having been recorded in Huntingdon county contrary to law.
The second exception was to the Court’s opinion in rejecting the exemplification of a deed from William Peters to Richard Peters and others. The original had been well proved and recorded. But the evidence was objected to, because, no interest in the land in dispute had been shewn in William Peters ; before the deed was offered, the plaintiff had shewn title in William Coxe, and when he offered it he declared^ that it was -his intention to give in evidence after-wards another deed, by which it would appear, that William Coxe held in trust for William Peters. But the Court were of opinion, that he should first shew some interest in Peters in law or equity. With the opinion I agree. A deed is not evidence, unless it is relevant to the matter in issue; and it cannot be relevant unless the grantor has some right to the land in controversy.
This has been the general understanding and practice both at Nisi Prius and in Bank, with the single exception of a case in Dallas, where it was hastily laid down, that any deed whatever may be read to the jury. This decision has been considered as a slip in the hurry of business, for if it were law the administration of justice might be obstructed at the pleasure of any party, by reading papers no way pertinent to the cause. This is not denied by the counsel for the plaintiff, but he contends, that as he had undertaken to follow up this deed with other evidence which would render it pertinent, the Court ought to have admitted it; I cannot think so ; the natural order was, first to shew the interest of the grantor, and then his deed. Because, the plaintiff might have been mistaken as to the evidence which he intended to produce after-wards. Nor does it appear, that he had any such evidence in Court. On the contrary, I take for granted he had npt, for if he had, he would certainly have produced it, when h« understood from the Court, that it was necessary, in order to introduce the deed in question.
*84 The plaintiff in error having failed in supporting either of his exceptions, I am of opinion, that the judgment should be affirmed.
Yeates J. absent.
Brackenridge J. concurred.
Judgment affirmed.