### GARRISON VS. OWENS.

1. EVIDENCE — SUBSCRIBING WITNESS. The best evidence of which the nature and circumstances of the case will admit must be adduced, and the best evidence of the execution of an instrument in writing, is the testimony of a subscribing witness; the next best being a proof of the handwriting of the subscribing witness, which will be admitted if the subscribing witness is dead, or out of the jurisdiction of the court.

2. Absence from the Territory or State of a subscribing witness, so far as the admissibility of secondary evidence is concerned has the same effect as the death of such witness.

ERROR to the District Court for *Iowa* County.

After this case was before the court, *ante*, 471, a sufficient replication to the plea of the statute of limitations was put in, to the effect that the note upon which suit was brought was signed and witnessed by a subscribing witness, and issue was taken upon this replication.  The facts which were brought forward on the trial of this issue and the rulings thereon are stated in the opinion of the court.

*F. J. Dunn*, for plaintiff in error.

*Parley Eaton*, for defendant in error.

IRVIN, J.   This is an action of assumpsit brought by *Owens* on an instrument in writing, of which the following is set out as a copy:

"For value received, I promise to pay Simeon Owens 5,375 lbs. of lead by the first day of August next, as witness my hand this 21st day of June, 1829.

(Signed)                    "WM. GARRISON,

                          "GEORGE BROWN."

The declaration contained the usual counts, and issues were joined on the plea of the general issue and the statute of limitations.

The plaintiff below, in support of his action, introduced a witness (James McKnight) who testified: "That he was acquainted with the handwriting of George Brown, or was so in 1829 and 1830; had seen him write, and had been a partner of the said Brown, and from his knowledge of the handwriting of the said Brown he believed the name

of George Brown upon said note, and at the bottom thereof, was, as he believed from his said knowledge, in the own proper handwriting of the said George Brown, and that the residence of the said Brown was unknown to witness, as he had parted with witness some years since, at St. Louis to go to Kentucky, and witness had not heard of him after that time;" and then plaintiff offered the note to the jury, which was objected to by the defendant below, and the objection was overruled by the court. Evidence of the value of the lead was then adduced and the parties rested.

The defendant below moved the court to instruct the jury: "That before they could find for the plaintiff in the case under the pleadings, that he should prove to their satisfaction, that the signature of George Brown was to the said note as a subscribing witness, that the note was executed by defendant in his presence, and that the said witness subscribed it in the presence of the maker thereof, or by his order or direction;" which instruction the court refused to give, but did instruct the jury: "That if they were satisfied from the testimony, that the name of George Brown was placed upon said note as a subscribing witness, then the law would presume that it was properly placed there;" to which the defendant excepted.

The rule of law is well established, that the best evidence which the nature and circumstances of the case will admit of, shall be adduced. The best evidence which the nature of this case would have admitted of, would have been that of the subscribing witness himself; but, if circumstances existed to put it out of the power of the plaintiff to produce that witness, then the next best evidence was the proof of the handwriting of the subscribing witness.

The best evidence, as we have just said, of the execution of an instrument, is the testimony of the subscribing witness; the next best, is proof of the handwriting of the witness, and this will be admitted when the witness is

*dead, or out of the jurisdiction of the court. Clark v. Sanderson,* 3 Binney, 192; *Peters v. Condron,* 2 Serg. & Rawle, 80; *Engles v. Benington,* 4 Yeates, 345.

The witness introduced on the trial of the cause, it seems, was for the double purpose of proving both the signature of the subscribing witness, and his absence from the county. In the case of *Alter v. Berghaus,* 8 Watts, 78; it is decided, that "absence from the State, so far as it affects the admissibility of secondary evidence, has the same effect as the death of the witness." In this case the witness appears to have been absent from the Territory, and it was therefore competent to prove his handwriting.

We are of opinion that the district court did not err in the decisions excepted to, and therefore affirm the judgment, with costs.