## WILL OF O'HAGAN.

*November 13 — December 4, 1888.*

WILLS: *Attestation in presence of testator: Presumption from signatures: Findings of fact: Specificness.*

1. The signatures of witnesses to a will, following an attesting clause stating that they signed in the presence of the testator, raises a strong presumption of that fact, which will be overcome only by

clear and satisfactory proof to the contrary. So *held* in a case where the witnesses, while verifying their signatures, had no recollection of attesting the will.

2. A finding by the trial court that the will was executed by the testator in the city of B. on the day it bears date, and was at the same time subscribed by the attesting witnesses in his presence, is sufficiently specific, and it was unnecessary to find at what place in the city the testator executed and the witnesses subscribed the instrument, or whether the testator could and did leave his house on the day of its date.

APPEAL from the Circuit Court for *Rock* County.

The case is stated in the opinion.

*Cornelius Buckley*, for the appellant, to the point that the attestation clause at best raised a mere presumption of the due execution of the will, and that there should be positive evidence of that fact, cited *Swett v. Boardman*, 1 Mass. 258; *Dewey v. Dewey*, 1 Met. 349; *Hogan v. Grosvenor*, 10 id. 54; *Butler v. Benson*, 1 Barb. 527, 534–5; *Abbey v. Christy*, 49 id. 276; *In re Will of Van Geison*, 47 Hun, 5; *Downie's Will*, 42 Wis. 66.

For the respondent there was a brief by *J. G. Wickhem*, and oral argument by *B. M. Malone*.

LYON, J. *Daniel Riordan*, the respondent in this appeal, presented to the county court, for probate, an instrument in writing purporting to be the last will and testament of Peter O'Hagan, deceased, in which he devised and bequeathed all of his estate, real and personal, to his wife, Letitia O'Hagan. The instrument purports on its face to have been executed in the form required by the statute, and was attested in due form by J. A. Sherwood and P. Johnson. Probate of the instrument was opposed by the appellant, *Joseph A. O'Hagan*, a son of the testator by a former wife. The county court admitted the instrument to probate as such last will. The appellant, *Joseph A. O'Hagan*, thereupon appealed to the circuit court. After

a hearing in that court, the order of the county court was affirmed. The contestant, *Joseph A. O'Hagan*, appeals to this court from the judgment of affirmance rendered by the circuit court.

The only question raised on this appeal going to the merits of the controversy is, Did the attesting witnesses to the will subscribe the same as such in the presence of the testator, as required by statute? R. S. sec. 2282.

The will is in the handwriting of E. P. King, Esq., of Beloit, in which city the testator resided when the same was executed. It bears date September 12, 1881. There is no question but that it was signed by the testator and by the two persons whose names appear thereon as attesting witnesses. It is understood that Mr. King died before the testator. After the signature of the testator, and before those of the attesting witnesses, is the following certificate: "The above instrument, consisting of one sheet, was on the day of the date thereof signed, published, and declared by the said testator to be his last will and testament in the presence of us who have signed our names at his request as witnesses in his presence and in presence of each other." Both the attesting witnesses were examined as witnesses on the hearing in the circuit court, and each disclaimed any recollection of attesting the instrument, yet each verified his signature thereto. The substance of the testimony of each of them is contained in that of the witness Sherwood, as follows: "I have no recollection of signing that instrument; not the least. I don't remember signing it. All I know is that it is my signature."

The theory of the defendant is that at the date of the will,— September 12, 1881,— the testator was sick and unable to leave his house; and, because both of the attesting witnesses testified that they had never been in his house, they could not have been present when he executed the will, inasmuch as it must necessarily have been executed at

Will of O'Hagan.

his house. The testimony tending to show that the testa-tor was seriously ill at the time is very inconclusive and unsatisfactory, depending, as it does, mainly upon the rec-ollection of the witnesses of what transpired on a specific day six years before they were called to testify. Besides, they fail to disclose any facts or circumstances which would have a tendency to impress the precise date upon their rec-ollections. The testimony of the appellant himself is a fair specimen of that of the other witnesses on the same subject. He had testified to having been at the testator's house, Sep-tember 15, 1881, and that the testator was then very ill. When interrogated as to his means of knowing the precise date, he said: "I am able to say that it was the 15th that I was at my father's, because I was building a house at the time. I have the papers to show." No papers were pro-duced. The testimony tending to prove that the testator was able to go to Mr. King's office in Beloit on Septem-ber 12th, is fully as strong and convincing as the testimony to the contrary. It is deemed unnecessary to state the tes-timony more fully.

In the case of *Will of Jenkins*, 43 Wis. 610, and *Will of Meurer*, 44 Wis. 392, it was held that, to authorize the pro-bate of an instrument propounded as a will, it is not abso-lutely necessary that the attesting witnesses testify to all the facts essential to a valid execution of the will. In the *Jenkins Case* one of the attesting witnesses testified to the absence of at least one of those essential facts, yet it was held that such testimony did not necessarily defeat the pro-bate of the will. In *Will of Lewis*, 51 Wis., 101, the rule of those cases was reasserted; and again in *Allen v. Griffin*, 69 Wis. 529.

In the *Lewis Case* the contention was that the attesta-tion was made before the testator signed the instrument. One of the attesting witnesses in effect so testified. In the opinion it was said: "The instrument is attested as a will

in due and usual form. Such attestation is of itself not only *prima facie* evidence that the instrument was properly executed, but it raises a strong presumption that it was so executed. Had the witnesses deceased before the probate of the instrument, mere proof that the attesting signatures were their handwriting would have established the will. And the rule would be the same although the signatures of the witnesses were not preceded by any attesting clause or certificate. To defeat probate, the strong presumption of regularity thus appearing upon the face of the instrument must be overcome by proof. *Remsen v. Brinckerhoff*, 26 Wend. 325; *Ela. v. Edwards*, 16 Gray, 91; 1 Greenl. Ev. § 126; *Burling v. Paterson*, 9 Car. & P. 570. In view of this presumption, and considering also the infirmity of human memory, it seems most reasonable that a will purporting on its face to be legally executed should not be defeated on any doubtful or inconclusive parol proof that it was not legally executed. The opposite rule would greatly imperil the testamentary right; for under such a rule almost any will might be defeated by the dishonesty or imperfect memories of the attesting witnesses. Hence, in the present case, if the fact that the witnesses subscribed the instrument before the testator defeats the probate thereof as a will of the testator, the fact should not be found, against the presumption of regularity, without very clear and convincing proof."

A similar question was presented in *Allen v. Griffin*. In that case the proofs of irregular attestation were as strong as they are here. In the opinion by Mr. Justice TAYLOR it is said: "To reject the probate of a will upon such evidence as was offered in this case, on the ground that it does not conclusively appear that the witness signed as such after the signature of the alleged testatrix, would jeopardize the probate of very many honest wills. We think, in the absence of clear proof that the witness or witnesses

signed before the signing of the testator, it should be presumed that the testator signed first."

The learned counsel for the appellant in his brief asserts quite positively that the rule laid down in the *Lewis Will Case* is but a mere *obiter dictum*. We must assure the counsel that in our opinion he is mistaken. But, however that may be, we must apply the rule to this case, and it certainly is not *obiter dictum* here. We find in this case no such clear and satisfactory proof that the will was attested in the absence of the testator as will justify the reversal of the finding that it was attested in his presence, or which would support a contrary finding had one been made. In other words, the presumption arising from the attestation and the attesting clause to the effect that it was subscribed by the witnesses in the presence of the testator, is not overcome by proof. Hence the instrument was properly probated as the last will and testament of Peter O'Hagan.

Exceptions are preserved in the record to the rulings of the court admitting certain testimony against the objections of the appellant, and rejecting certain other testimony upon objections by the respondent. Without stating these in detail, it is sufficient to say of them that if all the testimony so objected to by appellant had been rejected, and all the testimony thus ruled out had been received, the result would not have been changed.

On the hearing in the circuit court, the appellant submitted several questions of fact, and requested the court to find thereon. The substance of these questions is, At what place in the city of Beloit did the testator execute, and the attesting witnesses subscribe, the instrument? Was the testator able to leave his house, September 12, 1881, and did he do so? We think no such specific findings were necessary. The circuit judge found that the instrument was executed by the testator in the city of Beloit on the day it bears date, and was at the same time subscribed by the at-

testing witnesses in his presence.    The finding is sufficiently specific.

*By the Court.*— The judgment of the circuit court is affirmed.    The appellant must pay the costs of this appeal.

A motion by the appellant that the judgment be modified by allowing the costs of the appellant in this court to be paid out of the estate. was denied January 29, 1889.