Flood v. Kerwin, 113 Wis. 673.

Flood, Appellant, vs. Kerwin, Administratrix, Respondent.

| 113 | 673 |
| :115 | 303 |
| 113 | 673 |
| 117 | 4303 |

*February 22—April 1, 1902.*

*Estates of decedents: County courts: Jurisdiction: Wills: Probate: Notice: Circuit courts: Findings: Practice: Witnessing of will: Presumptions: Appeal and error: Questions reviewed.*

1. Under sec. 4173, Stats. 1898 (declaring that "the affidavit of the printer, or foreman of such printer, of any newspaper in the state, of the publishing of any notice or advertisement required to be published in pursuance of any law of the state, shall be received in all cases as presumptive evidence of such publication and of the facts therein stated"), a statement in an affidavit of a printer that the first insertion of a notice of the time and place of proving a will, given pursuant to secs. 3787 and 3805, was on April 30, and that the last insertion was on May 4 of the same year, will control a general statement, made in the same affidavit, that the publication was for three weeks.

2. Such affidavit is insufficient to show jurisdiction over the heirs of deceased, but where the county court, after a hearing at the time and place duly appointed therefor, has admitted the will to probate and issued letters, such proceedings are not invalid as to an heir who has been duly notified, or who has appeared or assented to, or ratified the proceedings.

3. On appeal from an order or judgment of the county court admitting or refusing to admit a will to probate; the circuit court proceeds as a court of equity, and, on appeal to the supreme court, the mere absence of findings of fact does not necessitate a reversal, if the evidence supports the judgment rendered.

4. It is not essential that a testator sign in the presence of the witnesses, if he has in fact signed prior to the time they do, and, in the absence of clear proof that the witnesses signed before the testator did, it will be presumed that the testator signed first.

5. A writing by a decedent declared therein to be his will, giving to two of his children "forty acres of land . . . situated on sec. 12, town 4, range 8, or one thousand dollars" is *held* to be in form a will, and properly admitted to probate as such.

6. The judgment admitting such will to probate expressly reserved the question of its construction. On appeal from such judgment, it was *held* that the question as to whether the will was void upon its face for uncertainty was not presented, the only question being whether it had been properly admitted to probate.

APPEAL from a judgment of the circuit court for Green county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

It appears from the record, and is undisputed: That March 29, 1899, Dennis Kerwin died at his home, in the town of Exeter, in Green county,—being at the time over eighty years of age,—leaving a paper writing of which the following is a copy:

"State of Wisconsin, County of Green—ss.:

"I, Dennis Kerwin, of the town of Exeter, being of sound mind and memory, and mindful of the uncertainties of human life, do make, publish, and declare this my last will and testament, in manner following: To my daughters Lizzie and *Mary Ann* I give, grant, devise, bequeath forty acres of

land, to be divided between them, situated on Sec. 12, town 4, range 8, or (1,000) one thousand dollars.

"DENNIS KERWIN. [Seal.]

"Signed before me this 3rd day of March, A. D. 1890.

"M. F. WELCH,
*"Justice of the Peace.*

"I have made my will, but the above I certify to be my last will, which I now sign before witnesses.

"Witnesses: DENNIS KERWIN.

"MATHEW KENNEDY,

"MICHAEL FRANCIS WELCH.

"Dated this 17th day of March, 1899."

That April 14, 1899, his daughter *Miss Mary Ann Kerwin,* of the same town, presented to the county court a petition setting forth such death, paper writing, and relationship, and that the deceased had left real estate in Green county of the value of $800, and personal estate of the value of $100, and naming eight heirs-at-law of the deceased, all of whom were of age, to wit, the petitioner and three others, residing in the town of Exeter, two in Dane county, and one (James Kerwin) in California, and another (*Mrs. Rosanna Flood*) residing at Omaha, Nebraska. The petition prayed that the paper writing mentioned be admitted to probate as the last will and testament of the deceased, and that his estate be settled and administered according to law, and was verified before a notary public by *Mary Ann Kerwin,* who signed the verification, but failed otherwise to sign the petition. April 14, 1899, the county court made an order reciting such death and petition, and ordered that the matters therein be heard, and proofs of the last will and testament be taken, at the' regular term of the court on the first Tuesday of June, 1899, when all concerned might appear and contest the probate of the will, and that notice of the time and place so appointed be given by publication thereof three weeks, successively, previous to the time so appointed, in the Weekly Times, a newspaper published in Green county. An affidavit of the

printer of that paper, with such notice annexed, subscribed and sworn to before the county judge June 20, 1899, is to the effect that such notice had been published in that paper once in each week for three weeks, successively:

"That the first insertion thereof was on the 30th day of April, 1899, and the last insertion thereof was on the 4th day of May, 1899."

The hearing of such matter, the court having been adjourned and it having been continued by the court from June 5 to June 20, 1899, was then had, and judgment therein entered on that day reciting such petition, the order and notice, and proof of the same, and that no person had appeared to contest the will, and that the same had been duly proved by one of the subscribing witnesses; and it was thereupon ordered by the county court that such written instrument be, and the same was thereby, admitted to probate and allowed as and for the last will and testament of the deceased; and it was therein further ordered that letters of administration, with the will annexed, be granted to *Mary Ann Kerwin,* upon the giving and approval of a bond as required by law, in the sum of $500. Upon the verified petition of *Rosanna Flood* and other affidavits, and due notice and hearing, it was ordered by the circuit court, July 7, 1900, that the time for appealing from the order of the county court of June 20, 1899, admitting the paper writing to probate, be, and the same was thereby, extended until August 20, 1900. In pursuance of such order, *Rosanna Flood* duly appealed to the circuit court for Green county from the order and judgment of the county court so admitting the written instrument to probate, August 2, 1900, and gave the requisite security thereon. A trial having been had in the circuit court, and after hearing the proofs and arguments of counsel, it was ordered, adjudged, and determined, in effect, that the order and judgment admitting to probate the paper writing in question be, and the same was thereby, affirmed, without

prejudice as to appellant's right to have the will construed, —that not having been passed upon on this appeal,—with a further adjudication as to costs and the *remittitur*. From that judgment *Rosanna Flood* brings this appeal.

For the appellant the cause was submitted on the brief of *J. J. Cunningham,* attorney, and *C. E. Pierce,* of counsel, and for the respondent on that of *John L. Sherron* and *Colin W. Wright.*

CASSODAY, C. J.    It is claimed that the county court acquired no jurisdiction to admit the paper writing in question to probate, for want of the requisite notice to the heirs at law. The statute provides that notice of the time and place of proving the will "be given by personal service on all persons interested at least ten days before the time appointed or by publication in a newspaper as provided in sec. 4045, at least three weeks successively. previous to said time; and no will shall be proved until notice shall be given as herein provided." Secs. 3787, 3805, Stats. 1898.    The only notice here claimed to have been given is by such publication.    The section therein referred to prescribes the manner of designating the newspaper in which such notice is to be published.    Another section of the statute provides that "the affidavit of the printer or foreman of such printer of any newspaper in the state of the publication of any notice or advertisement required to be published in pursuance of any law of the state shall be received in all cases as presumptive evidence of such publication *and of the facts stated therein."*   Sec. 4173, Stats. 1898. There are other sections of the statutes requiring the affidavit of the printer, or his foreman or principal clerk, to prove publication of notice or summons in judicial proceedings, and in one of these he is required to specify "the date of the first and last publication."    Sec. 4174; and subd. 4, sec. 2642, Stats. 1898.    Counsel for the respondent contends that the statement in the printer's affidavit to the effect that the first

insertion of the notice in the paper was April 30, 1899, and the last May 4, 1899, should be rejected; but, as indicated, the affidavit is "presumptive evidence of such publication and of the facts stated therein." We are not aware of any rule of law authorizing such rejection of specific facts merely because they are repugnant to a more general statement. While the affidavit of the printer was insufficient to show jurisdiction over the several heirs at law, yet it does not follow that the judgment should be reversed on that ground.

2. The case is quite similar, in the particular mentioned, to *O'Dell v. Rogers,* 44 Wis. 136. In that case it was held that "where the proper county court, after a hearing at the time and place duly appointed therefor, has admitted a will to probate, issued letters testamentary to the persons named in it as executors, etc., the proceedings, while invalid as to persons not duly notified who did not appear or assent to them, and have done no acts of ratification, are valid as to all who were duly notified, or who appeared or assented to them." *Mohr v. Porter,* 51 Wis. 494; *Melms v. Pfister,* 59 Wis. 190, 191; *Heminway v. Reynolds,* 98 Wis. 501; *Kruczinski v. Neuendorf,* 99 Wis. 264, 271; *Hubbard v. C. & N. W. R. Co.* 104 Wis. 160, 165. See the statute (sec. 2443, Stats. 1898). We must hold that the court had jurisdiction as to such parties as appeared in the case, including the appellant. But to avoid future litigation, the records of the county court should show jurisdiction of all the heirs at law before the administration of the estate.

3. Error is assigned because the circuit court failed to make findings. This court has repeatedly held that in equity cases the mere absence of findings of fact does not, of itself, necessitate a reversal, if the evidence supports the judgment. *Disch v. Timm,* 101 Wis. 189, and cases there cited; *In re Callahan,* 102 Wis. 561. So this court has repeatedly held that, on an appeal from an order or judgment admitting or refusing to admit a will to probate, the circuit court pro-

ceeded as a court of equity. *Bryant v. Pierce,* 95 Wis. 338, and cases there cited.

4. It is claimed that the paper in question was not executed as the law requires that a will should be executed. This is put upon the ground that one of the subscribing witnesses (Kennedy) testified that he signed before the testator. But the other subscribing witness (Welch) testified that he drew both papers; that the first was signed by Dennis Kerwin in 1890, and the other in 1899; that, after he wrote the second paper, Dennis Kerwin got up and signed it, and then asked him (Welch) to sign it; and that he (Welch) then said, Let Mr. Kennedy sign it first, and that Mr. Kennedy signed it, and then he (Welch) signed it. The paper corroborates Welch, wherein it states, "which I now sign before witnesses," followed by the name of Dennis Kerwin, with the witnesses below. Besides, it is undisputed that the first paper, which is claimed to be the will, was signed and sealed by Dennis Kerwin prior to the time when Kennedy signed as a witness. It is not essential that the testator sign in the presence of the witnesses, if he has in fact signed prior to the time they do. *White v. Trustees of British Museum,* 6 Bing. 310; *Welch v. Adams,* 63 N. H. 344; *Hall v. Hall,* 17 Pick. 379; *Adams v. Field,* 21 Vt. 256. "In the absence of clear proof that the witnesses to a will signed it before the testator did, it will be presumed that the testator signed it first." *Allen v. Griffin,* 69 Wis. 530; *Will of O'Hagan,* 73 Wis. 78. We must hold that the formal execution of the paper was sufficiently proved, to have been executed as a will.

5. It is claimed that the paper writing in question is void upon its face for uncertainty, and hence should not have been admitted to probate. This is put upon the ground that the instrument purports to give to the two daughters therein named the forty acres of land therein described, or $1,000, but fails to positively state which. By the statutes of this state "the probate of a will of real or personal estate" is "conclu-

sive as to its due execution." Sec. 2294, Stats. 1898; *In re Valentine's Will,* 93 Wis. 50. As indicated, the evidence is sufficient to prove the formal execution of the paper as a will. The question recurs whether it is a will. It certainly purports to dispose of property of the testator after his death. There can be no uncertainty as to the objects of his gift being the two daughters named, and hence we are not aided by the citation in 2 Underhill, Wills, § 905. Under the section of the statute cited, a will is not effectual to pass title to any property until it has been "duly proved and allowed in the county court." But when so admitted to probate it relates back to the time of the death of the testator, and is to be treated as speaking from that moment. *Bridge v. Ward,* 35 Wis. 687; *Scott v. West,* 63 Wis. 552; *Prickett v. Muck,* 74 Wis. 205; *Graves v. Mitchell,* 90 Wis. 314; *Hall v. Hall,* 98 Wis. 193, 201; *Patton v. Ludington,* 103 Wis. 639; *Jochem v. Dutcher,* 104 Wis. 611, 614. As indicated, the testator's death occurred March 29, 1899,—nine years after the paper in question was written. When the court comes to construe the will, which has not yet been attempted, but has been expressly reserved, it may be necessary to show what property, if any, the testator left at the time of his death, in order to determine whether any of it passed by the will to the two daughters named. "The admissibility of parol evidence to identify the subject-matter of a legacy or devise" is undoubted. 2 Underhill, Wills, § 911. Thus it has been held in the supreme court of the United States:

"A latent ambiguity in a will which may be removed by extrinsic evidence may arise (1) either when it names a person as the object of a gift, or a thing as the subject of it, and there are two persons or things that answer such name or description; or (2) when the will contains a misdescription of the object or subject, as where there is no such person or thing in existence, the person is not the one intended, or the thing does not belong to the testator. When a careful study of the testator's language, applied to the circumstances by which he

was surrounded, discloses an inadvertency or mistake in a description of persons or things in a will, which can be corrected without adding to the testator's language, and thus make a different will from that left by him, the correction should be made." *Patch v. White,* 117 U. S. 210.

Such parol evidence may do away with all possible doubt. It is laid down as a legal maxim that, "where two clauses in a will are repugnant one to the other, the last in order shall prevail." Wharton, Leg. Max. 65, No. 25. It is there said, however, that such maxim should be received with some caution, and "that two apparently contradictory clauses will, if possible, be reconciled so as to carry out the intention of the testator, and so as not to reject either; such contradiction or apparent contradiction consisting most frequently in words only, and not in intention. But where there are two clauses manifestly repugnant to each other, as two devises of the same thing to different persons, then the maxim holds good, but not without difference of opinion as to how the several devises should be made to operate." Mr. Schouler expresses similar views. Schouler, Wills, § 478. Among other things, he there says that "in various instances inconsistent gifts or devises have been reconciled in construction by reading the later one as referring to a possible lapse of the former one, or as dependent upon some contingency which is deducible from the instrument taken as a whole." It has been held in Massachusetts that "the term 'will' includes every kind of testamentary act taking effect from the mind of the testator, and manifested by an instrument in writing," and hence includes an instrument executed as a will in the following terms: "It is my wish that the will that I made be destroyed, and my estate settled according to law." *Bayley v. Bailey,* 5 Cush. 245. See, also, *Kelleher v. Kernan,* 60 Md. 440. So it has been recently held in Michigan that a paper executed as a will, stating that it was good to a person therein named, for the amount stated, "as pay-

ment for care and attendance" in the testator's last sickness, to be collected out of his estate after his death, provided he died a bachelor, was a will, and not a mere admission of an indebtedness.  *Ferris v. Neville* (Mich.), 86 N. W. Rep. 960.  We are here only concerned with the question whether the paper is in fact a will, and hence whether it was properly admitted to probate.  The question of its construction was not determined in the trial court, and is not determined here, except that it is in the form of a will, and was properly admitted to probate as such.  The taxable costs in this court are payable out of the estate.

*By the Court.*—The judgment of the circuit court is affirmed.