In re Gillmor's Will.

*February 26—March 21, 1903.*

*Wills: Due execution: Presumption from attestation: Evidence.*

1. The subscription and attestation of a will by witnesses who declare, over their signatures, acts essential to the due execution of the instrument, raise a strong presumption in favor of the fact, which can be overcome only by clear and convincing proof to the contrary.
2. In this case the indefinite recollection of the surviving subscribing witness, and his vague impressions of acts and omissions inconsistent with the certificate of due execution signed by him eleven years before, when the will was made, are *held* insufficient to overcome the presumption in favor of the correctness of that certificate.

Appeal from a judgment of the circuit court for Chippewa county: A. J. Vinje, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court, which, in reversal of the county court for Chippewa county, admitted to probate a proposed will of George A. Gillmor, who died December 23, 1900. The instrument bore date June 11, 1889. The two attesting witnesses subscribed a certificate declaring the instrument to have been "signed, published, and declared by the said testator to be his will and testament, in the presence of us, who have signed our names at his request and by his express direction as witnesses thereto, in his

presence and in the presence of each other." Hollon Richardson, the survivor of the subscribing witnesses, testified, by deposition, very indefinitely to the transaction of executing the will; his testimony failing in several respects to establish the steps necessary under our statute. The trial court found as facts that the instrument was duly signed by George A. Gillmor as and for his will, and thereafter duly attested and subscribed by the two witnesses in the manner specified in their attestation above quoted, and that the will was in all things duly executed. From such judgment the contestant appeals.

The cause was submitted for the appellant on the brief of *J. A. Anderson* and *W. M. Bowe,* and for the respondent on that of *W. H. Stafford,* attorney, and *W. F. Bailey,* of counsel.

DODGE, J. The rule of law is thoroughly well established in this state that the subscription and attestation of a will by witnesses who declare, over their signatures, acts essential to the due execution of the instrument, raise a strong presumption in favor of the fact, and that such presumption can be overcome only by clear and convincing proof to the contrary, and that mere indefiniteness of recollection will not suffice. "A will purporting on its face to be legally executed should not be defeated on any doubtful or inconclusive parol proof that it was not legally executed." *In re Meurer's Will,* 44 Wis. 392; *In re Lewis's Will,* 51 Wis. 101, 7 N. W. 829; *Allen v. Griffin,* 69 Wis. 529, 35 N. W. 21; *In re O'Hagan's Will,* 73 Wis. 78, 40 N. W. 649; *Adams v. Rodman,* 102 Wis. 456, 78 N. W. 588, 759; *Flood v. Kerwin,* 113 Wis. 673, 89 N. W. 845; Cassoday, Wills, § 223 *et seq.* The will under consideration bears upon its face, signed by two witnesses, a declaration that every step essential to its valid execution was duly taken. Upon examination of the testimony of the only surviving witness, we find nothing more than vague impres-

sions of acts or omissions inconsistent therewith.   Appellant claims that the testimony of that witness establishes that his subscription preceded that of the testator, but his testimony in fact was: "I cannot say with exact certainty who signed the said paper or writing first, but I presume that, having a pen in hand in the preparation of the acknowledgment, that I first signed it, but of this I am not certain.   My impressions are that Mr. Gillmor signed next."   On cross-examination he said: There is nothing in connection with the signing of said instrument which enables me now, more than eleven years after its date, to testify as to the fact who signed said instru- ment first, who next, and who last, "except the fact that I drew the will, and drew the form for execution; that, with pen in hand, I would naturally sign my name before turning the papers over to the other parties.   And further, the blot on the acknowledgment would indicate pretty clearly to my mind that Mr. Gillmor made this blot while signing his name to the will."   This falls far short of the positive testimony of a witness to a memory or knowledge of acts or transactions inconsistent with the certificate of due execution, and, under the rules of the cases above cited, entirely justified the trial court in refusing to deem it so clear and convincing as to over- come the certificate deliberately signed by this same witness at the time of the transactions.

Further, it is claimed that this witness shows that there was no request by the testator that either of the witnesses sub- scribe as such, and that the other witness, Edminister, was not present in the room to see the testator sign or hear him ac- knowledge his signature, and that he subscribed in another room, not in the testator's presence.   The testimony on this subject is even more vague and incomplete than that upon the order of signatures.   While the witness does say that it is his impression that Edminister affixed his signature in the outer office and not in the private office where he thinks the will was signed, there is nothing to indicate that such subscribing was

not within view of the testator and so within his presence that he would be deemed to have adopted the request that Edminister subscribe, communicated to the latter by Richardson. However, other statements of Richardson's show that his memory on the subject is wholly vague. He testified: I do not know and I am not prepared to say whether Gillmor signed in the presence of the two witnesses, or whether they signed in the presence of said Gillmor and in the presence of each other. It is too far back for me to remember. At the time Gillmor's name was placed on the instrument, I do not know where Edminister and I were located, with reference to the position then occupied by Gillmor. I do not know whether the same parties were at the time all in the same room. I believe Gillmor and myself were in my private office, and Edminister in my public office; that, after the same was signed by Gillmor, I either called Mr. Edminister into my private office, or went out into the public office and had him sign the paper there. What the exact facts are, I am not now prepared to say. And generally he testified that he was not conscious of any peculiar circumstances that would distinguish the will in question, as to its execution or signing, from the many others that he had prepared, and that he was not able to say that the facts stated in the certificate were not correct, nor that they were correct.

Without going further at large into the testimony, the foregoing suffices to show the situation, and to make obviously applicable the rules of law above stated. The trial court having duly found all the detailed facts constituting due execution of this will, we cannot hold that such testimony constitutes a clear or overwhelming preponderance of evidence against that offered by the instrument itself.

*By the Court.*—Judgment affirmed. Taxable costs of both parties in this court to be paid out of the estate.