## ESTATE OF GOODYEAR.

*January 14—February 8, 1921.*

*Wills: Testamentary capacity: Undue influence: Witnesses: Credibility: Contradictory statements.*

1. An order admitting a will to probate is affirmed notwithstanding one of the subscribing witnesses, testifying as to facts showing a proper execution of the will, admitted on cross-examination that he had made an affidavit before trial as to a different set of facts, where he testified there was a misunderstanding about the affidavit so presented to him and again reiterated his testimony, as the court evidently believed the witness and this court cannot say he was in error in his conclusion.

2. The evidence in this case, while conflicting, is *held* to support the conclusion of the court that there was testamentary capacity and that the will was not the result of undue influence.

3. A hypothetical question propounded by the contestants of a will to their expert having been answered in their favor, the refusal of their motion to have certain testimony included as a part of the question was harmless.

APPEAL from an order of the county court of Iowa county: ALDRO JENKS, Judge. *Affirmed.*

One Henry Goodyear executed his last will on August 22, 1916. It provided in substance for a bequest of $25 each to his two sisters and his half-brother, and the rest and residue was given and devised to a Mrs. Rachel Grouell of Neiber, Wyoming, who was the adopted daughter of the testator's sister, *Mrs. Frances E. Taylor.* The testator died January 26, 1920. Besides the two sisters and half-brother above mentioned he left him surviving a nephew and a niece. The two sisters, the nephew, and niece objected to the probate of the will and are the appellants here from the order admitting the will to probate.

For the appellants there was a brief by *Fiedler, Fiedler & Jackson* of Mineral Point, and oral argument by *E. C. Fiedler* and *Raymond T. Jackson.*

For the respondent there was a brief by *James E. O'Neill* of Dodgeville and *E. J. B. Schubring* of Madison, and oral argument by *Mr. A. R. Petersen* of Madison and *Mr. Schubring*.

Eschweiler, J.    The order admitting the will to probate is assailed by the contestants on the grounds (1) that the same was not properly executed; (2) that the testator at the time of the execution was incompetent to execute it; (3) that the terms of such will were the result of undue influence.    Error is also assigned as to a ruling on evidence.    .

The two witnesses to the will, on the hearing in the county court, testified on their direct examination as to all the facts and conditions necessary to establish the instrument propounded to be the last will of testator.    No question is raised here as to the testimony of one of such contesting witnesses, he being the one who drafted the will.    The other witness was confronted on cross-examination with an affidavit that he had made a short time before the trial in which statements appeared to the effect that he did not see the testator sign the will nor did he see the other attesting witness sign it; that they probably signed it before he came in; that he signed the paper but did not know at that time that it was a will; and that about a year after such signing by him the testator then first told him that the paper he had so witnessed was a will.    He also admitted that he understood the affidavit at the time when he signed it.    On the trial he stated that there was a misunderstanding about the affidavit so presented to him and again reiterated his testimony as to facts showing a proper execution of the instrument.

The trial court evidently believed the testimony of this witness as given on the trial, in spite of the apparent contradiction appearing from the affidavit.    We cannot say that there was any error in the court's conclusion in this regard.

The conclusion of the trial court upon the record before

him that there was due and regular execution of the will is well supported by the facts and amply justified as to the law under the rulings of this court. *Will of Griffith,* 165 Wis. 601, 163 N. W. 138; *Will of Grant,* 149 Wis. 330, 334, 135 N. W. 833; *Will of Arneson,* 128 Wis. 112, 116, 107 N. W. 21; *Gillmor's Will,* 117 Wis. 302, 94 N. W. 32; *Will of O'Hagan,* 73 Wis. 78, 81, 40 N. W. 649, and other cases there cited.

Testimony was introduced on behalf of the contestants tending to prove that the deceased was very low in the scale of human mentality and morality. We consider that no useful purpose would be served by any detailed reference to such testimony. On the other hand, witnesses who had lived near deceased and known him for many years gave testimony of such a nature as to his mental condition and mode of life that it amply supports the conclusion of the trial court to the effect that at the time of the execution of the instrument in question the testator met the test required of one who is in law deemed competent to make a will. *Butler's Will,* 110 Wis. 70, 78, 85 N. W. 678; *Downing's Will,* 118 Wis. 581, 589, 95 N. W. 876; Rood, Wills, § 111.

In this record there is no evidence produced before the court which would have justified a finding that the will in question was the result of any undue influence exerted upon the testator inducing him to make the provision in the will giving substantially all of his property to one who was not related to him. It was his to give or withhold as he pleased. It was evidently his will that it should so go.

Complaint is made that certain testimony as to the behavior of testator on several occasions was excluded by the ·court on the contestants' motion to have such testimony included as parts of a hypothetical question put to one of the medical experts called by them. The exclusion of such matters of evidence, however, if erroneous, nevertheless was not prejudicial or reversible error in this case, for the hypothetical question was answered in contestants' favor.

The findings of the trial court were correct and must be upheld.

*By the Court.*—Order affirmed.

Jones, J., took no part.