## CHARLES C. DEWEY *vs.* ROLAND DEWEY

It is not necessary that the attesting witnesses to a will should subscribe it in the presence of each other.

It is sufficient *primâ facie* evidence that the attesting witnesses to a will subscribed it in the presence of the testator, if he were so situated that he might have seen them subscribe it.

Where one of the attesting witnesses to a will has no recollection of having subscribed it, but testifies that the signature of his name thereto is genuine ; the testimony of another attesting witness, that the first did subscribe his name in the testator's presence, is sufficient evidence of that fact.

A will subscribed by three witnesses at the testator's request and in his presence, he declaring it to be his will, is well attested within the Rev. Sts. *c.* 62, § 6, although neither of the witnesses saw him sign it or heard him acknowledge his signature thereto, and only one of them saw the testator's name thereon.

THIS was an appeal from a decree of the judge of probate for the county of Hampden, allowing a certain instrument as the last will of Timothy Dewey.   The only question raised in the case was, whether said instrument was "attested and subscribed, in the presence of the testator, by three or more competent witnesses," conformably to the Rev. Sts. *c.* 62, § 6.   Said instrument purported to have been executed on the 26th of April, 1838, and was signed by Medad Fowler, Josiah Fowler, and Silas Root, as attesting witnesses.   The clause of attestation, which preceded the signatures of these witnesses, was thus : " Signed, sealed, published and declared, by the above or fore-

named Timothy Dewey, to be his last will and testament, in the presence of us, who at his request and in his presence have hereunto subscribed our names as witnesses to the same."

At the trial, before *Wilde*, J. after the testimony of the subscribing witnesses, as hereinafter stated, had been given, the parties agreed that the case should be taken from the jury and be determined by the court, upon that testimony.

Medad Fowler testified that his name, which was upon said instrument, appeared to be his handwriting, but that he had "no recollection any thing about it."

Silas Root testified that said Timothy called on him and said he had a will, and wished him to put his name on it as a witness ; that this was said out of doors, and thereupon he and said Timothy went into said Root's house, where the said Timothy handed him the paper folded, and he signed his name as a witness thereto, said Timothy being in the same room with him. He could not say that said Timothy saw him sign as a witness. Said Timothy's name was then on the paper, but he said nothing about its being his signature. Said Root believed that said Timothy had the paper in his hand when he first mentioned that he had a will, but the witness did not look at it until he went into the house. The witness said that it occurred to him, after said Timothy went away, that he (the witness) ought to have inquired of him whether it was his signature.

Josiah Fowler deposed that said Timothy brought a paper to the house of the deponent's father (Medad Fowler) which he called his will, and requested the deponent and his father to sign it as witnesses, and not to read it. Deponent thought he did not see said Timothy sign it ; but the deponent and his father signed it as witnesses, without reading it. Deponent did not recollect seeing a word of writing on the paper, which he "thought, at the time, was not right or as it should be."

*W. G. Bates* and *Blair*, for the appellee. It is not necessary that the witnesses should attest in the presence of each other, or that the testator should declare the instrument to be his will. *Cook* v. *Parsons*, Pre. Ch. 184. *Bond* v. *Seawell*, 3 Bur. 1775. 1 Doug. 244, *note*. Nor is it necessary that

the witnesses should see the testator sign the instrument, or even see his signature thereto. 3 Harrison's Digest, 2186, cites 6 Bing. 310. 7 Bing. 457. The testator, having carried the paper to the witnesses and acknowledged that it was his will, acknowledged all that was necessary to make it his will, viz his signature, &c. *Ellis* v. *Smith* 1 Ves. Jr. 11. *Jackson* v. *Vickory*, 1 Wend. 412. *Hall* v. *Hall*, 17 Pick. 373. It is sufficient if the testator was so situated that he *could* see the witnesses subscribe their names to the instrument. 3 Harrison's Digest, 2185, cites 1 M. & S. 294. 2 Car. & P. 488.

*Wells* and *Leonard*, for the appellant. This instrument cannot be brought within the Rev. Sts. c. 62, § 6, unless the court make such "large and liberal constructions" to take the case out of the statute, as Lord *Hardwicke* said "courts ought to avoid making." Roberts on Frauds, 324, cites Amb. 300. See also 1 Bl. Com. 88. The court will not go beyond the cases already adjudged, in derogation of the words of the statute.

The attestation of the witnesses should be to the signature of the testator as well as to his publication. It has, indeed, been held sufficient, if the testator admit or recognize his signature in their presence. *Stonehouse* v. *Evelyn*, 3 P. W. 254. Toller on Executors, 2. 4 Kent Com. (3d ed.) 515. In the present case, nothing has been attested by the witnesses, except publication. It is doubtful whether the testator's signature was on the paper before the two first attesting witnesses subscribed it, as Josiah Fowler saw no writing. The testator did not admit or recognize his signature, unless he did it by saying that the paper was his will ; and that this is not sufficient was decided in Virginia, in *Burwell* v. *Corbin*, 1 Rand. 131. See also *Gryle* v. *Gryle*, 2 Atk. 177, & *note*. Pow. Dev. 80. 5 Mass. 227.

DEWEY, J. The only question raised in this case is, whether this will was duly attested.

The provisions of the English statute of 29 Car. II. c. 3, § 5, requiring that " all devises of lands shall be attested and subscribed in the presence of the devisor by three or four credible witnesses, or else shall be utterly void and of no effect," were

adopted as a part of our code, by the provincial act of 1692, and in similar language. The statute of 1783, c. 24, § 2, again reënacted the same provisions, with no other change but that of using the phrase " three or more witnesses " for "three or four witnesses " ; and this statute remained in force till the passing of the Rev. Sts. c. 62, § 6, which, although somewhat changing the phraseology, and rendering the language more concise, does not, in any degree, vary the requirements as to the attestation of the witnesses ; the principal changes introduced being those requiring the same solemnities in the disposition of personal and real property, and in restricting within much narrower limits the right to make nuncupative wills.

Under this long continued and substantially uniform legislation on the subject of the execution of wills, the construction of those statutes, as to the acts necessary to constitute the due execution of a will, have, to a considerable extent, become well settled. It is not required that the testator should sign his name to the will in the presence of the attesting witnesses. The term " attested," as used in the statute, does not import that it is requisite that the witnesses should see the very act of signing by the testator. The acknowledgment by the testator, that the name signed to the instrument is his, accompanied with a request that the person should attest as a witness, is clearly sufficient. *Stonehouse* v. *Evelyn*, 3 P. W. 254. *Grayson* v. *Atkinson*, 2 Ves. sen. 456. So a declaration by a testator, before the witnesses, that the paper is his will, is sufficient to authorize their attestation to it, and to make it a good will. *Ellis* v. *Smith*, 1 Ves Jr. 11. *Westbeech* v. *Kennedy*, 1 Ves. & Beames, 362. Nor is it necessary to the due execution of a will, that the attesting witnesses should be all present at the same time, but a will attested by three witnesses, who at different times subscribe their names as witnesses, at the request of the testator, is well attested. *Cook* v. *Parsons*, Pre. Ch. 184. Cruise's Digest, Tit. 38, c. 5, §§ 35, 36. 3 Bur. 1775, per Lord *Mansfield*. So the provision, that the instrument shall be attested by three witnesses " in the presence " of the testator, has been liberally construed ; it being held sufficient evidence of

the presence of the testator, if the facts show a possibility of his seeing the witnesses subscribe their names, unless controlled by other evidence showing that in fact he did not see them, and that therefore it was not done in his presence. *Longford* v. *Eyre*, 1 P. W. 740. *Casson* v. *Dade*, 1 Bro. C. C. 99. *Winchilsea* v. *Wauchope*, 3 Russell, 443.

A construction alike liberal has been given as to the attesting witnesses' knowledge of the signature of the testator. Thus in *White* v. *Trustees of the British Museum*, 6 Bing. 310, and in *Wright* v. *Wright*, 7 Bing. 457, it was held that a will subscribed by three witnesses, in the presence and at the request of the testator, was sufficiently attested within the statute, although none of the witnesses saw the testator's signature, and only one of them knew what the paper was. A similar decision was made in *Johnson* v. *Johnson*, 1 Crompt. & Mees. 140. It was said by the court, in the first of these cases, that any declaration before the witnesses, by the testator, that it is his will, is equivalent to an actual signature in their presence, and makes the attestation and subscription of the witnesses complete. *Tindal*, C. J. said that " in the execution of wills, as well as of deeds, the maxim will hold good, *non quod dictum, sed quod factum est, inspicitur.*"

The only inquiry, therefore, as it seems to us, is, whether upon the evidence, in the present case, it may be reasonably inferred that the testator signed his name to the instrument, as and for his will, and that he acknowledged that fact to the witnesses, either directly, or by acts equivalent to an acknowledgment. *Hall* v. *Hall*, 17 Pick. 373.

The testimony of Medad Fowler is wholly deficient as proving the due execution, except so far as the inference is to be drawn from the fact of his name, under his own proper signature, being borne upon the instrument under the usual certificate of attestation. But the question is not whether this witness now recollects the circumstance of the attestation, and can state it as a matter within his memory. If this were requisite, the validity of a will would depend not upon the fact whether it was duly executed, but whether the testator had been fortunate in

securing witnesses of retentive memories. The real question is, whether the witness did in fact properly attest it. The deposition of Josiah Fowler, who signed his name as a witness at the same time, supplies, however, some omissions in the testimony of Medad Fowler, and establishes the fact that at that time the testator called the paper his will, and requested them to sign it as witnesses. This witness, however, does not recollect seeing any writing upon the paper he signed. But the remaining witness, Silas Root, whose name appears upon the will, and apparently subscribed after the others, fully establishes similar declarations from the testator as those stated by Josiah Fowler, as to the fact that the testator declared to him that he had a will, and wished him to put his name to it as a witness ; and he states that he looked at it in the house, and that the testator's name was then on it, but that he did not inquire whether it was the testator's signature — leaving the inference properly to be drawn that he saw the name of the testator duly subscribed to the will. Certainly the presumption, arising from all the facts that appear in the case, is very strong that the will was subscribed by the testator before it was attested by the witnesses. The signature of the testator is admitted to be a genuine signature, and the certificate of attestation assumes that it had been already signed. The purpose of procuring the attestation of the witnesses was to give effect to the instrument as a valid will. It can hardly be supposed that the testator, who was by his own active agency procuring the authentication of the instrument by the requisite witnesses, would have omitted the first step necessary to its due execution, viz. the signature by himself.

It seems to us, upon the whole evidence, that the will was duly signed by the testator, and being thus signed, he by his acts, if not by his declarations, sufficiently recognized and acknowledged his own execution of it to authorize the three witnesses to attest and subscribe the same as witnesses thereto, in accordance with the provisions of the statute.

The decree of the judge of probate, allowing the probate of the will, is therefore affirmed.