## WILL OF SUSAN JENKINS.

WILLS. *(1) Signing. (2) Probate: conflict of attesting witnesses. (3)*
NEW TRIAL.

1. Under our statute of wills, if the testator's name is, in his presence and by his express direction, signed to the will by another person, or if the testator affixes his mark thereto, that is a sufficient signing.
2. A will may be supported against the testimony of some, or even all, of the subscribing witnesses, if their testimony is overborne by other evidence.
3. Where probate of a will was refused merely on the ground that the two attesting witnesses did not concur in testifying to its having been executed and attested in the manner required by the statute, no other fact being found, the judgment is reversed, and the cause remanded for a *new trial.*

APPEAL from the Circuit Court for *Iowa* County.

A written instrument purporting to be the last will and testament of Susan Jenkins, late of Iowa county, deceased, was presented for probate to the county court of that county, and was admitted to probate by that court. One *William Hodges,* an heir-at-law of the testatrix, appealed to the circuit court from the judgment of the county court in that behalf. The appeal was tried in the circuit court, and resulted in a judgment reversing the judgment of the county court and denying probate to the proposed will.

*Henry Prideaux,* who is named as executor in the alleged will, appealed to this court from the judgment of the circuit court.

The instrument was drawn by Mr. Reese, an attorney-at-law, and the name and mark of Mrs. Jenkins appear at the foot of it. Her name was written there by Mr. Reese. Following the signature is a certificate of attestation in due form, signed by Mr. Reese and a Mrs. Ead.

The testimony tends to show that Reese wrote the name of Mrs. Jenkins to the instrument in her presence and by her express direction, and that she affixed her mark thereto.

Will of Susan Jenkins.

The case is further stated in the opinion.

*Wm. E. Carter*, for the appellant, argued that it is not necessary, under the statute or the general rule, that the subscribing witnesses to a will shall agree in their testimony as to the mental condition of the testator or the facts which occurred at the execution of the instrument, but the necessary facts may be established by other evidence in opposition to one or both of the subscribing witnesses. R. S., ch. 95, sec. 5; *Trustees of Auburn Sem. v. Calhoun*, 25 N. Y., 422; *Tarrant v. Ware*, id., 425, and cases there cited; *Talley v. Moore*, 5 Harring., 57; *Owen v. Williams*, 9 Law Times Rep., N. S., 86; 1 Redf. on W., 237, § 11, note 24, and 239, note 30, with the cases cited in those notes. He further contended that, upon the evidence in this case, the will should have been admitted to probate.

The cause was submitted for the respondent on the brief of *Strong & McArthur*. They contended, *inter alia*, that it appeared from the preponderance of evidence, that the will was not signed by the "express direction" of the testator, and was not *attested* in the testator's *presence*, by the two witnesses, within the meaning of the statute *(Downie's Will*, 42 Wis., 66; 1 Jarman on W., 118); and that the court therefore properly found the instrument not to have been attested and subscribed in accordance with the requirements of the statutes, and this finding was sufficient to sustain the judgment.

LYON, J. As to the signing of the instrument propounded as the last will and testament of Mrs. Jenkins, it is sufficient to say that, under our statute of wills (R. S., ch. 93, sec. 5), it was a valid signing by the testatrix if Mr. Reese wrote her name thereto in her presence and by her express direction, or if she affixed her mark thereto. 1 Jarman on Wills (2 Am. ed.), 118; 1 Redfield on Wills, 203 (ch. VI, § 18), and cases cited in notes.

The main question litigated on the trial was, whether Mrs. Jenkins had sufficient mental capacity to make a valid testa-

mentary disposition of her property when she executed the instrument presented for probate.

. On this question, Mr. Reese, one of the attesting witnesses to the instrument, testified to a state of facts, which, if not negatived by other proofs, shows beyond a reasonable doubt, not only that the instrument was properly executed and attested as a will, but that Mrs. Jenkins was of sound disposing mind and memory when she executed it, within the rule laid down by this court in *Holden v. Meadows*, 31 Wis., 294. The testimony of Mr. Reese is corroborated by other evidence in the case.

On the other hand, Mrs. Ead, the other attesting witness, testified to a state of facts which, if true, shows that the instrument was not legally executed and attested as a will, and that, at the time of its alleged execution, Mrs. Jenkins had not a sound and disposing mind and memory. Her testimony also is corroborated by that of other witnesses.

The following is the only finding of fact by the court below: " That the witnesses purporting to be the subscribing witnesses to said will do not concur in their testimony; and that said paper writing bearing date the 29th day of August, A. D. 1874, purporting to be the last will and testament of Susan Jenkins, deceased, was not attested and subscribed in accordance with the requirements of the statute in such case made and provided, so as to entitle it to record and probate."

When he announced his decision, the learned circuit judge delivered an opinion, which is preserved in the bill of exceptions. From the opinion and finding we understand the court held that, because the two attesting witnesses did not concur in testifying to an execution and attestation of the instrument in the manner required by the statute, the proof was insufficient to establish the same as the will of Mrs. Jenkins. This, we are satisfied, was error. The law is well settled, that a will may be supported against the testimony of some, or even of all, of the subscribing witnesses thereto, if their testimony is over-

borne by other evidence. *Tarrant v. Ware*, 25 N. Y., 425, and cases cited in the opinion by Judge DENIO. Indeed, this is not denied by the learned counsel for the respondent. Were the law otherwise, any will might be defeated by a corrupt attesting witness.

The testimony is so conflicting that we are not willing to decide whether it does or does not prove the facts essential to a valid will. Before doing so we ought to have the aid of proper findings of fact by the circuit judge before whom the cause was tried, and who can best determine the weight which should be given to the testimony of the several witnesses examined before him. We may be permitted to suggest that, because of such conflict, it seems to us very desirable that the regular attending physician of Mrs. Jenkins during her last illness, Dr. Burrall, should be examined as a witness to her mental condition at the time the alleged will was made.

*By the Court.* — Judgment reversed, and the cause remanded for a new trial.