Will of Foxen: Foxen, Appellant, vs. Anderson and
another, by guardian *ad litem*, Respondents.

*March 13—April 7, 1925.*

*Wills: Execution: Presumption of regularity from attestation
clause: When overcome: Evidence: Sufficiency.*

Positive evidence of attesting witnesses to a will who were in the
prime of life and in full possession of their mental faculties
that they did not witness the will in the presence of each
other, as required by sec. 2282, Stats., is *held* to overcome the
presumption of regularity arising from the attestation clause,
which was in due form; and the decision of the trial court
that the witnesses did not subscribe their names in the pres-
ence of each other is affirmed.

Appeal from a judgment of the county court of Portage
county: W. F. Owen, Judge. *Affirmed.*

The appeal is from a judgment denying admission to
probate of the alleged last will and testament of Jacob O.
Foxen, deceased.

The cause was submitted for the appellant on the brief of *W. E. Atwell* of Stevens Point, attorney, and *Goggins, Brazeau & Graves* of Wisconsin Rapids, of counsel, and for the respondents on that of *Geo. B. Nelson* of Stevens Point, guardian *ad litem*.

DOERFLER, J.   Jacob O. Foxen died at the village of Amherst on May 8, 1924, at the age of about seventy-two years, having about three years prior thereto executed what purported to be his last will and testament.   He was a man of varied experience in business, had accumulated a comfortable fortune, and at the time of his death held an important public office.   For many years prior to his death he had been engaged as an insurance agent, in doing notarial work generally, and in drafting wills.   He was a man of high character, and in the course of his business dealings gained the confidence of the public in and around Amherst, so that many of the leading citizens intrusted to. him the important function of drawing their last wills and testaments.   By experience and study he became familiar with the statutory requisites of a testamentary disposition, and in the course of his business career he had apparently given full satisfaction to those who had engaged his services.   As he approached the end of a span of life covering almost three score years and ten, he concluded to prepare and execute his own will, and this was accomplished with admirable skill and foresight, with but one exception, namely: he failed to comply with one of the requisites of sec. 2282 of the Statutes of Wisconsin, which requires the attesting witnesses to subscribe their names not only in the presence of the testator but in the presence of each other.

The witnesses were in the prime of life, in the full possession of all their mental faculties, and had occupied friendly and business relations with the deceased for many years. Each witness, after having been called to the stand, testified in express, positive, and distinct language that the will was attested and subscribed by him in the sole presence of the

testator. Barely three years had elapsed between the time of the execution of the will and the death of the deceased, and each witness possessed a vivid recollection of what transpired when the will was attested. The attestation clause of the will was in the usual and ordinary form, was complete in all respects, and among other things certified that the witnesses were in the presence of each other when the will was executed.

Appellant's counsel contend that, under the facts and circumstances so disclosed, the presumption of due regularity arising from a proper attestation clause was not overcome by the testimony of the subscribing witnesses.

In the case of *Adams v. Rodman,* 102 Wis. 456, 78 N. W. 588, 759, it is said: "The fact that the attesting clause states that the witnesses signed the instrument in the presence of the testator raises a strong presumption that they did so sign, and such presumption should prevail unless overcome by clear and satisfactory evidence." Such is also substantially the holding in *Gillmor's Will,* 117 Wis. 302, 94 N. W. 32; *Lewis's Will,* 51 Wis. 101, 7 N. W. 829; *Will of Arneson,* 128 Wis. 112, 107 N. W. 21; *Will of Grant,* 149 Wis. 330, 135 N. W. 833; *Will of Griffith,* 165 Wis. 601, 163 N. W. 138; *Will of Maresh,* 177 Wis. 194, 187 N. W. 1009.

Where attesting witnesses are old and feeble, or where their memories are impaired, or where their recollection is indefinite and uncertain, and where the time intervening between the execution of the will and the time when the will is offered for probate is so great as to leave in the minds of the witnesses only vague and indefinite impressions, it has been held that the presumption of regularity arising out of a proper attestation clause has not been overcome. Such, however, is not the situation presented on this appeal, and the trial court therefore rightly came to the conclusion that the subscribing witnesses were not together present at the attempted execution of the will. The court decided the issue as one of fact, and such finding is amply supported by cred-

ible evidence and is not contrary to the preponderance of the evidence.

It is doubtful whether it is ever advisable for a testator to either draw or to personally assume the responsibility of the execution of his own will. When a testator makes a will he performs one of the most important functions arising during his lifetime. By it he disposes of his worldly accumulations for the benefit of those who are dependent upon him and who are nearest and dearest to him from the standpoint of his affections. The psychology of such an occasion is not conducive to the exercise of that high degree of care required on such an occasion. The fear of impending death, the sentiments aroused in the human mind, the very desire to comprehensively include all those who have a natural claim upon his bounty, the fear that some important feature or requirement might be omitted, have a tendency to result in failure and omission. These considerations undoubtedly explain the oversight of the testator in the instant case; but whether such causes operated to produce the results herein referred to or not, the deplorable fact remains that the will was not executed in accordance with the statute above referred to.

Foxen was not a lawyer. Whatever knowledge he possessed upon the subject was derived from his individual experience and study. While he was duly instructed and informed upon the necessity of having the subscribing witnesses both present at the same time, he evidently did not realize the reason or philosophy for the statutory requirement. The drafting of a will and the execution of such a document come within the proper functions and sphere of an attorney at law. A member of the legal profession who acquired his knowledge after years of patient and industrious study, and who possesses not only the technical knowledge but the philosophy and the logic underlying the law, is less apt to be guilty of an omission such as was made manifest in the instant case. Furthermore, being interested only

from a professional standpoint, the psychological inhibitions above referred to are not present. While a will drawn by a layman, especially where it is reduced to writing by his own hand, or is typewritten by him as was done in the instant case, manifests many advantages which may prove valuable in the event of an attack upon the will, the will itself, before it is executed, should be submitted to an attorney at law for advice and suggestions, and the execution thereof should proceed under his supervision. When a will is so executed the element of reasonable safety accompanies the instrument, and the presumption which the law well recognizes, of regularity, assumes its highest aspect.

*By the Court.*—Judgment affirmed.