ESTATE OF ROSENCRANTZ: McIVER, Appellant, vs. KANE, Respondent.

*September 14—October 12, 1926.*

*Wills: Establishment of lost will: Degree of proof required: Production of all possible subscribing witnesses: Sufficiency.*

1. Under sec. 310.10, Stats., the same proof of execution of a lost or destroyed will is required as would be required in a contest over the probate of a document offered as the original. p. 111.

2. The entire record, including the attestation clause in the will, is *held* to sustain a finding of the due execution of a lost or destroyed will. p. 112.

3. The common-law requirement that all of the attesting witnesses to a lost or destroyed will must be called or their absence explained is complied with by the proponent producing in court the four possible subscribing witnesses to the will, which was subscribed by three only. p. 112.

4. The court is not precluded from finding due and proper execution of a will where there is a lack of memory by the subscribing witnesses as to the transaction. p. 113.

APPEAL from an order of the county court of Oconto county: H. F. JONES, Judge. *Affirmed.*

Jane Rosencrantz died in Oconto Falls, said county, March 8, 1925, a widow, leaving no issue. A son of a deceased sister since four years of age and until he went to work had been cared for by Mrs. Rosencrantz, and some time after his marriage he again became a member of her family at her request. He sought probate of an alleged will of the deceased giving him her entire property. Probate was opposed by a sister of deceased.

C. W. Carlson, a bank cashier in said city, then accustomed for some time to the drafting and attending to the execution of several wills a year and of preserving copies, testified that April 11, 1921, he drafted, at the request of deceased, a form of will and produced a paper said by him to be a carbon copy of the original, and on which copy as

on the original he had personally changed a word and figure in stating her age. He could not recall positively who were the witnesses. He knew it was subscribed by three witnesses, it being his custom to have three, and the copy produced having the appropriate blanks for three witnesses. In response to a direct question he said he did not know whether he was a subscribing witness, but then immediately further answered "Yes" to this question: "But you will state positively that it was witnessed by three witnesses and signed by yourself in the presence of Jane Rosencrantz and in the presence of the other witnesses?" He also testified that he read the will over to her and that the paper produced was a correct copy of the original, that she was of sound mind, had a grasp upon what she owned, who she was obligated to help, and from what she said he knew that her nephew, the proponent, had always lived with her and that she had brought him up. Later on in the trial he was recalled and again testified that he called three bank employees to witness the will and that it was fully and properly executed in his presence and in the presence of the witnesses. In response to questions by the court Carlson testified that he did not positively remember who the other witnesses were, that he imagined they were two of the employees; he would not take the three at one time, usually the stenographer and one of the boys and himself. And in immediate response to proponent's counsel he said that the will was executed in the presence of himself and two other witnesses, though he did not remember who the other two were. The stenographer and the two employees who were at the bank in April, 1921, were called as witnesses on this hearing and each testified in substance to the practice of being called at times to act as witnesses, but each one of the three had no present recollection of this particular transaction and that they could not then say that they did or did not witness this will.

The original of this will as executed was not kept in the bank's custody, as was done with some of the wills drawn by Mr. Carlson. There was testimony showing the opportunity and inclination on the part of the contestant to have obtained possession of the will from among the papers and effects of Mrs. Rosencrantz, and the trial court found to that effect. He also found that there was proper execution of a will of which the copy was produced, and that Carlson was one of the subscribing witnesses and that there were two other witnesses, being two of the three remaining employees of the bank, naming the stenographer and the two other employees; that it continued unrevoked until her death; that she had declared to competent witnesses that she had executed her will giving her property to the nephew; that it had been drawn by Carlson; that she left two brothers and two sisters, all of whom, except the one sister, acquiesced in the probating of the will.

From the order admitting the said instrument to probate the contestant has appealed.

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Adolph P. Lehner*.

For the respondent there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Walter F. Kuzenski.*

ESCHWEILER, J.    Under sec. 310.10 (sec. 3791), Stats., the county court is declared to have power to take proof of the execution and validity of lost wills and to establish the same.    This, contrary to respondent's suggestion, requires that there shall be the same proof of execution of any alleged lost or destroyed will as would be required in a contest over the probate of a document offered as the original.    The proponent of a lost or destroyed will cannot stand in any better position than one who offers an original document so far as the necessity of proof of execution is concerned.

The appellant urges here that there was no proper proof of the due execution of the alleged lost or destroyed will.

Proponent's testimony is not clear as to which three, out of the possible four then employed in the bank, subscribed their names as witnesses to the attestation clause, and appellant urges that the trial court was not justified in finding that either Carlson or two out of the remaining three were, as a matter of fact, the particular subscribing witnesses.

An important element required to appear in order that due execution of a will under sec. 238.06 (sec. 2282), Stats., should appear, namely, that the witnesses must have subscribed the document in the presence of the testator, was not expressly or definitely asked of or stated by any one on the trial, although this particular feature was not called to the trial court's attention so far as the record discloses, nor has it been urged by contestant on this appeal.

Carlson, a bank cashier, court commissioner, and notary public, experienced in the drafting and execution of wills, in answer to a question on behalf of proponent to which contestant made no objection, testified that "this will was signed by Mrs. Rosencrantz in (his) your presence and *in the presence of each other* and of whoever witnessed the will as witnesses, and it was fully and properly executed in (his) your presence and in the presence of the witnesses." The attestation clause attached to the copy produced by Carlson, containing the usual and formal recital that it was subscribed by the witnesses at the request and in the presence of the testatrix and in the presence of each other, is entitled to consideration. *Will of Foxen,* 186 Wis. 640, 642, 203 N. W. 328. Considering this and the entire record, we think there is sufficient to support the conclusions of the trial court.

The rule of the common law requiring the calling of all the attesting witnesses as to such document or explaining or excusing their absence, held in *Will of Johnson,* 175

Wis. 1, 5, 183 N. W. 888, to be in force in this state, was here followed, inasmuch as proponent produced in court all of the four possible subscribing witnesses. The three, other than Carlson, testified as to their familiarity with Carlson's custom of calling them as witnesses to such documents, but each denied a present recollection of signing this particular will; and while each was unable to testify that he or she did sign as such witness, also expressly stated that he or she would not testify that each did not so sign. Carlson did expressly testify that he was such subscribing witness; he also testified that he could not say that he did sign as a witness. The trial court, however, in this situation, in view of the lapse of time since its execution in 1921 and the hearing in 1925; the number of transactions of a similar nature that had occurred in the bank; the positive assertions of Carlson, even though he subsequently qualified them; the testimony of the other employees, and all the facts and circumstances, might rightly determine that there was due, proper, and complete execution of this will. He is not precluded from finding due and proper execution of such an instrument where there is a lack of memory by the subscribing witnesses, or even in cases of their positive denials of their signatures. *Will of Grant,* 149 Wis. 330, 334, 135 N. W. 833; *Will of Jenkins,* 43 Wis. 610, 612.

*By the Court.*—Order affirmed.