WILL OF SCHNEIDER: HAACK, Appellant, vs. UNION TRUST COMPANY, Respondent.

*February 9—March 10, 1931.*

For the appellant there was a brief by *Field & Field,* attorneys, and *Bagley, Spohn, Ross & Stevens* of counsel, all of Madison, and oral argument by *Ted H. Field* and *W. H. Spohn.*

For the respondent there was a brief by *Lowry & Beggs,* and oral argument by *H. J. Lowry* and *Spencer Lucas,* all of Madison.

FOWLER, J.   From the facts stated we are of opinion that the learned county judge was justified in inferring as his written decision shows he did infer, that the testatrix signed at the house; that she and Schroeder then went to Dr. Scollard's office and that the testatrix there acknowledged the signature to the will to be hers; and that the witnesses thereupon signed as witnesses in her presence and the presence of each other, as the attestation clause recites they did.   The attestation clause should be given great weight after so long a lapse of time.   *Will of Lewis,* 51 Wis. 101, 7 N. W. 829.   "It creates a strong presumption which must

prevail unless overcome by clear and satisfactory evidence." *Will of Grant,* 149 Wis. 330, 135 N. W. 833; *Will of Maresh,* 177 Wis. 194, 187 N. W. 1009; *Will of Hawkinson,* 143 Wis. 136, 126 N. W. 683; *Adams v. Rodman,* 102 Wis. 456, 78 N. W. 588, 759; *Will of Foxen,* 186 Wis. 640, 203 N. W. 328. In the *Adams* and *Foxen Cases* probate was denied, but both cases recognize the great force of the presumption. That Schroeder signed immediately under the attestation clause is an impeachment, of no little force, of his contradictory testimony so many years afterward. Acknowledging a previously signed signature to a will in presence of both witnesses is equivalent to signing in the presence of both. *Will of Gillmor,* 117 Wis. 302, 94 N. W. 32. The apparent identity of the ink in the signature of the witnesses and that both witnesses used a stub pen is some indication that the witnesses used the same pen and signed at the same time, and that the witnesses used a stub and the testatrix a sharp pen and different ink tends to show that Schroeder did not sign at the same time as the testatrix as he testified.

*By the Court.*—The judgment is affirmed.