In re ALEXANDER'S ESTATE.
ENGBERG v. ALEXANDER.

No. 6574.   Decided July 1, 1943.   (130 P. 2d 432.)

See 16 C. J. S., Constitutional Law, sec. 154; 28 R. C. L. 120, 125 (8 Perm. Supp. 6092, 6093).

*William L. Beezley,* of Salt Lake City, for appellant.

*Elliott W. Evans,* of Bingham Canyon, for respondent.

McDONOUGH, Justice.

Susie Raby Alexander died on March 9, 1942, leaving a purported will dated October 30, 1930. By the terms of said instrument she gave all of her property to her daughter Violet V. Engberg, and she appointed her husband William Edward Alexander executor thereof. The document is not defective on its face. It was witnessed by two persons, and the attestation clause recites "that we [the subscribing witnesses] were present and saw Susie Raby Alexander sign the above instrument."

At the time of the hearing one of the witnesses was dead. The other witness testified that the will was already signed

by the decedent when he first saw it and that it was not signed in his presence, but that the decedent acknowledged to him that she had signed it and that it was her will. On such testimony the court refused to admit the will to probate, and the daughter who was named the beneficiary of the will, brings this appeal.

Section 101-1-5, R. S. U. 1933 (U. C. A. 1943), provides that every will other than an olographic or nuncupative will must be executed and attested as follows:

"(1) It must be subscribed at the end thereof by the testator himself;

"(2) The subscription must be made in the presence of the attesting witnesses."

These quotations are not ambiguous and can have but one meaning—that the testator must sign his name at the end of the instrument in the presence of the subscribing witnesses.

The appellant contends that the declaration in the attestation clause to the effect that the witnesses were present and saw the testatrix sign the instrument in their presence, must be taken as true in the absence of clear and convincing proof to the contrary. *In re Maresh's Will,* 177 Wis. 194, 187 N. W. 1009; *In re Will of Hawkinson,* 143 Wis. 136, 126 N. W. 683, 139 Am. St. Rep. 1009; *Butcher* v. *Butcher,* 21 Colo. App. 416, 122 P. 397; *In re Warren's Estate,* 138 Or. 283, 4 P. 2d 635, 79 A. L. R. 389. She further contends that this is an equity case and that under our Constitution, Art. VIII, Sec. 9, and Sections 104-41-1 and 5, R. S. U. 1933 (U. C. A. 1943), this court must review the facts and determine whether the findings of the trial court are supported by the preponderance of the evidence.

This court has repeatedly held that a will contest is an action at law, and that we cannot weigh and pass on conflicting evidence. We need only determine whether there is substantial competent evidence to support the court's findings and conclusions. If the conclusion reached by the trial court is within the range of per-

missible conclusions which a reasonable mind might arrive at from the evidence, the judgment must be affirmed. *Goldsberry* v. *Green,* 95 Utah 379, 81 P. 2d 1106, 117 A. L. R. 1444; *In re Hansen's Estate,* 87 Utah 580, 52 P. 2d 1103; *In re Dong Ling Hing's Estate,* 78 Utah 324, 2 P. 2d 902; *In re Ford's Estate,* 70 Utah 456, 261 P. 15; *In re Hansen's Will,* 52 Utah 554, 177 P. 982; *In re Hanson's Will,* 50 Utah 207, 167 P. 256; *In re Swan's Estate,* 51 Utah 410, 170 P. 452; *In re Frandsen's Will,* 50 Utah 156, 167 P. 362; *Miller* v. *Livingstone,* 31 Utah 415, 88 P. 338.

In this case we have the positive testimony of the subscribing witness that the will was not signed by the testatrix in his presence. True, at one place he used the words "I think," and in speaking of the details generally and not on the question as to whether the will was signed in his presence, he said: "It has been ten—twelve years, I don't remember the details," but twice when the court asked him if he remembered "positively" whether the instrument was signed in his presence, he said: "No, I was not present when she signed it," and "I did not see her sign it." Even under the rule that evidence must be clear and convincing, there was sufficient evidence to support the court's finding that the instrument was not signed in the presence of the witness. This is in harmony with the cases cited above, on which appellant relies.. In all those cases there were inherent weaknesses in the testimony which contradicted the recitals in the attestation clause. In some, the witnesses stated they did not remember what took place, and in some there was positive testimony supporting the recitals, and in all of them the trial court found in favor of the recitals in the attestation clause and not against such declarations as in the case at bar.

Appellant further contends that the acknowledgment by the testatrix to the subscribing witnesses that she had previously signed the instrument is equivalent to signing the same in their presence, citing the following cases to that effect: *In re Will of Schneider,* 204 Wis. 94, 235 N. W. 412; *Dewey* v. *Dewey,* 42 Mass. 349, 1

Metc. 349, 35 Am. Dec. 367; *In re Nosek's Estate*, 229 Mich. 559, 201 N. W. 884; *Cravens* v. *Faulconer*, 28 Mo. 19. However, the statutes construed in those cases did not expressly require that the will be signed in the presence of the subscribing witnesses. As far as our research discloses only New Mexico and Utah have a statutory provision which requires the testator to sign in the presence of the subscribing witnesses. See Remsen's, The Preparation of Wills and Trusts, 2nd Ed. p. 407. Formerly New Jersey had such a statute, and its courts in construing such statute repeatedly held that unless the will was signed in the presence of the attesting witnesses it was invalid. *Den* v. *Mitton*, 12 N. J. L. 70; *Combs* v. *Jolly*, 3 N. J. Eq. 625; *Den ex dem. Mickle* v. *Matlack and Githens*, 17 N. J. L. 86, 87.

We are urged to adopt a contrary view in construing the statute of this state for the reason that in a case such as this, where the document offered for probate and the manner of its execution clearly show that the deceased desired to make disposition of her property in a way other than provided by law, an interpretation thereof which would defeat such expressed desires of an owner of property would produce a harsh and unjust result, and should not be adopted if another construction is permissible. The answer to such argument is simply that it is not permissible in view of the express language of the statute. It is within the province of the legislature to prescribe whatever formalities in the execution of a will which its judgment dictates; and where such formalities are prescribed a failure to comply therewith may not be excused by showing that in a particular case there was no fraud, nor indeed, by demonstrating that a less stringent requirement would as effectively prevent fraud.

The provision under discussion is a definite prescription. To attempt to construe it other than literally would amount to a substitution of our judgment for that of the Legislature as to legislative policy. This court in upholding the judgment of the lower court rejecting a

proffered nuncupative will, speaking through Mr. Justice Thurman in *Re Wolcott's Estate,* 54 Utah 165, 180 P. 169, at page 170, 4 A. L. R. 727, said:

"There is no doubt that the deceased intended the document to be her will, but the right to dispose of property by will is governed and controlled entirely by statute. Such statutes are mandatory, and, unless strictly complied with, the instrument, as a will, is void. * * *

"In either case the instrument cannot be sustained as a will without arbitrarily setting the statute aside and substituting our will for that of the Legislature. This we have no right or power to do, however much we may appreciate the hardship incident to a strict construction in the present case. * * *"

These observations succinctly state our views as to the statute under consideration. The judgment is therefore affirmed. Costs to respondent.

WOLFE, C. J., and LARSON, J., concur.

WADE, Justice (dissenting).

I dissent. In construing this statute we should keep in mind section 88-2-2, U. C. A. 1943, which provides:

"The statutes establish the laws of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice."

The acknowledgment by the testatrix to the witnesses that the instrument in question is her will, and that the signature thereto is her signature, is fully as much protection against fraud and imposition as to actually sign the will in the presence of the witnesses. Here the deceased thought she had made a valid will. She desired to make a disposition of her property other than provided by law in the absence of such will. She failed to comply strictly with the statutory requirements. However, the things she did would be sufficient in most states, would give equally as much protection, and were the same kind of acts as those required by the statute. Section 88-2-2 expresses the legislative in-

tent that our statutes shall "be liberally construed with a view to effect the objects of the statutes and to promote justice." This was undoubtedly enacted to prevent the harsh results of following too literally the exact wording of the statutes, and, to my mind, was made for just such a case as we have here. The cases cited in the prevailing opinion to the effect that acknowledgment by the testatrix is the equivalent to signing in the presence of the witnesses, although not directly in point, adopt this line of reasoning.

I think this purported will should have been admitted to probate.

MOFFAT, Justice (concurring).

I concur in the dissenting opinion of Mr. Justice WADE.