WILL OF FREDERIKSEN : MOORE, Appellant, vs. HALBERSTADT, Executrix, Respondent.

*November 15—December 19, 1944.*

For the appellant there was a brief by *Haley & De Mark* of Racine and *Lawrence S. Ruetz* of Kenosha, and oral argument by *A. S. De Mark* and *E. L. Haley*.

*Val. W. Dittmann* of Kenosha, for the respondent.

FRITZ, J. On the trial the following facts were well established by the evidence and found by the court. The Halberstadt will was properly and regularly executed, witnessed, and attested on April 7, 1938; and found after the testator Frederiksen's death in a sealed envelope among his personal effects in his trunk in his room at the Kirar Hotel in Kenosha. The Moore will, which is on the face of one sheet, was prepared and dictated in April, 1937, by Edward J. Ruetz, a competent and reputable attorney, pursuant to directions given to him by Frederiksen, who then,—or on the day following, when the typed, but still unexecuted instrument was called for at Ruetz's office,—was accompanied by Adeline Moore, the appellant. When this instrument was produced on the

trial it was in a torn, mutilated, and wrinkled condition, with
the torn parts fastened together by transparent adhesive tape.
She testified it was in that condition, excepting for the tape,
when Frederiksen left it in her possession in 1941, with the
signatures thereon of Frederiksen, as the testator, and Robert
E. and Ruth Anderson as attesting witnesses. In the instru-
ment, when it was produced by appellant, there was entirely
obliterated the fourth numeral necessary to specify the year
of the execution thereof in the sentence, "In witness whereof,
I have hereunto set my hand and seal this 29th day of April
193—"; and because of the absence of that numeral, there
cannot be determined from the face of the instrument itself
whether it was executed by Frederiksen before or after he
executed the Halberstadt will on April 7, 1938. The Moore
will, as prepared by Ruetz, was dated April 29, 1937. The
line of the tear commences at the bottom of the sheet and
extends nearly perpendicular through the attestation clause
toward the year date, and then continues at an angle of about
forty-five degrees through the space for the fourth numeral
necessary to specify the particular year of execution, and on-
ward to the right-side edge of the instrument. In the course
of the tear through the attestation clause it transects one
letter in each of the four lines of that clause, but these letters
are still plainly visible. However, the last numeral, which
was in the year date, cannot be determined from the casual
inspection of the will. As the line of tearing may be followed
through the body of the will and wherever it is torn the letters
transected by the tearing are plainly visible, it must appear
that the person who did the tearing had in mind the destruc-
tion of the last numeral of the year date, and for that purpose
tore the will. On the back of the instrument there are six
ink spots arranged in nearly a square. The line of tearing
and one ink spot is directly back of the destroyed numeral and
shows through the front of the page at the point of the de-
stroyed numeral. It may rightly be inferred that the ink spot

was placed after the tearing of the page. After the will was typewritten, someone typed over the figures "1-9-3" of the year date with a typewriter different from the one originally used. The will appears to be torn and mutilated in an attempt to destroy the last numeral of the year date after the will was signed by testator; it was designed by someone that the evidence that it was written in 1937 be wholly destroyed; it is possible, but not probable, that testator caused the year date to be typed over before signing, but it is highly improbable that he would destroy the last numeral in the year date; the inference is strong that the numeral was destroyed by someone in an effort to show the will was not dated April 29, 1937. The appearance of the tearing and alteration indicates a design to destroy the last numeral and does not indicate an intent to revoke the will; the Moore will was dated April 29, 1937, and the attestation clause so recites. It is fairly inferable that the will was dated at an earlier time than in 1939; no one can tell whether such date was 39 or 37 or 36.

In view of the facts thus found as to the obliteration of the fourth numeral, which was needed in order to specify the particular year of the execution of the Moore will, there was a very material alteration; and in the absence of proof sufficient to satisfy the trial court that the date of the execution of that will was subsequent to April 7, 1938 (date of the Halberstadt will), and that the obliteration of that numeral was not an unauthorized alteration, the court could not conclude that a revocation of the Halberstadt will was effected by the Moore will. Such an obliteration of a date which is a necessary and usual part of an instrument is a material alteration (2 Am. Jur. p. 643, sec. 63; 1 R. C. L. p. 975, sec. 8); and there is applicable thereto, in the absence of proof sufficient to establish that it was authorized or to otherwise satisfactorily explain the alteration, the rule that the alteration of such a material date operated as a destruction of the instrument so that no rights between the parties can be asserted thereunder

or proven thereby. 2 Am. Jur. p. 617, sec. 28; 1 R. C. L. p. 999, sec. 30; *Morley-Murphy Co. v. Van Vreede,* 223 Wis. 1, 5, 6, 269 N. W. 664. As is stated in 1 R. C. L. p. 997, sec. 28; 2 Am. Jur. p. 608, sec 16,—

". . . a contrary rule would open the door for fraud, and because the alteration changes the legal identity of the paper and causes it to speak a language differing in legal effect from that which it originally spoke, a result which would ensue however pure the intent with which the alteration was made, that the law holds the instrument to be null and void."

Likewise there is applicable in this case the rule stated in 2 Page, Wills (3d ed.), p. 746, sec. 886, that, "If the will has been in the custody of the chief beneficiary, it is said that it is the duty of such beneficiary to explain the presence of pencil marks, together with other circumstances of suspicion. . . ." See *In re Wilson,* 8 Wis. \*171; *Schmidt v. Bauermeister,* 279 Ill. 504, 117 N. E. 49; *Hutchison v. Kelly,* 276 Ill. 438, 444, 114 N. E. 1012; *Jackson v. Osborn,* 2 Wend. (N. Y.) 555, 559; *Acker v. Ledyard,* 8 Barb. (N. Y.) 514.

In *In re Wilson, supra,* a will was denied probate upon the trial court's findings that certain alterations, which were not written by the testator, were made after the will was executed, and that the proponent, who had had possession thereof and claimed under it, failed to satisfactorily explain the alteration. This court said (p. \*179) :

"A careful consideration of the testimony in this case, and more particularly an inspection of the will itself, have led us to the same conclusion as that arrived at by the probate court, which is that the will has been altered in a material part since its execution, and this alteration not being explained, must avoid the instrument. The principle of law has not been controverted by the counsel, who supports the validity of the will, that if there has been a material alteration by a person claiming under it, the will is thereby invalidated. He concedes that this rule of law is well established by many well-adjudicated

cases, and rests upon the soundest principles of morality and public policy. . . . This will was in the custody of Durbin; he offered it for probate, and he should be prepared to show that the alteration was properly made, and clear up every suspicious circumstance about the instrument. This he has not satisfactorily done."

The rule and conclusions thus stated and applied by the court are applicable to the Moore will. Beyond room for controversy, the evidence establishes that in the instrument, as drawn in April, 1937, by Ruetz at Frederiksen's direction, "April 29, 1937" was the date specified in the clause which still reads, "In witness whereof, I have hereunto set my hand and seal this 29th day of April, 193—." But in this instrument, as offered for probate by appellant, after having had it in her possession for some time, the fourth numeral necessary to specify the year of the execution thereof, has been entirely obliterated by not only the tear,—which extends through and transects a letter in each of twelve lines in the instrument without obliterating or rendering illegible any of those letters,— but also by a hole in the sheet, in the space for that fourth numeral, between the figures "193," which precede that space, and the period, which is still plainly visible after that space, to indicate the end of the sentence last quoted above. It is indeed very strange that there has been such a complete obliteration of the one numeral which was essential to establish by the instrument itself the year of its execution and attestation; and that in no other instance have any of the twelve letters, which were likewise transected by the tear, been obliterated or rendered illegible. These highly suspicious circumstances, in connection with the other facts and inferences stated in the court's final decision and findings, well warranted the conclusions of law upon which the judgment was based.

In view of those facts and circumstances there cannot be sustained appellant's contention that by testimony given by the attesting witnesses, Robert E. and Ruth Anderson, it was

established that the Moore will was executed some time in July, 1939. Appellant claims the court so found by a statement in finding No. 8 "that the will was signed in July 1939." This statement was made by the court in connection with also stating in that finding several other matters testified to by Robert E. Anderson and then concluding with the comment thereon "that *this testimony* impeaches the execution of the will as of the date recited in the attestation clause." In thus referring to the previously stated matters in finding No. 8 as "this testimony," it is evident that it was the court's intention that the matters thus stated were testified to by Anderson, but it does not necessarily follow that it was the court's intention that the matters thus stated were to be considered as facts found by it. And that the court did not regard those matters to be established facts, but considered them merely matters as to which Anderson had given testimony that must be weighed with all the credible evidence and closely scrutinized, is evident from the following statements by the court in relation to Witnesses Andersons' testimony, in its written decision, that,—

"The foregoing testimony must be weighed with all the credible evidence in the case, and, in any event, closely scrutinized because it is given to impeach the execution of the will as of the date recited in the attestation clause ;"—

and in its finding No. 13 that,—

"There is no intention to doubt the integrity of the attesting witnesses but in weighing all the facts and circumstances in the case, their testimony is 'barely not incredible.' "

After thus commenting on the Andersons' testimony, in so far as it was given to impeach the execution of the will on the date referred to in the attestation clause, the court finally stated in its decision, and also in finding No. 15 that, "The Moore will was dated April 29, 1937, and the attestation clause so recites."

In so finding and then concluding that the Moore will should be denied probate, the court rightly considered applicable in this case the rules that recitals in the attestation clause of a will showing due execution thereof are presumed to be true, and can only be overcome by clear and satisfactory evidence (*Will of Grant,* 149 Wis. 330, 334, 135 N. W. 833; *Will of Foxen,* 186 Wis. 640, 642, 203 N. W. 328; *Will of Schneider,* 204 Wis. 94, 95, 235 N. W. 412) ; and that "if an attesting witness tries to impeach the instrument to which his signature gives credit, his testimony should be received with caution." 6 Jones, Commentaries on Evidence (2d ed.), p. 4892, sec. 2470; *Highberger v. Stiffler,* 21 Md. 338, 83 Am. Dec. 593; *In re Estate of Elkerton,* 380 Ill. 394, 44 N. E. (2d) 148; *Szarat v. Schuerr,* 365 Ill. 323, 6 N. E. (2d) 625; *In re Warren's Estate,* 138 Or. 283, 4 Pac. (2d) 635, 79 A. L. R. 389. With these rules in mind the court could rightly consider the evidence, upon which appellant relied, insufficient to satisfy it that the date of the execution of the Moore will was subsequent to April 7, 1938. To warrant its ultimate findings and conclusions, it was enough if the court was not convinced to the requisite degree that the will was executed in July, 1939, as appellant claims, or at any other time after the execution of the Halberstadt will on April 7, 1938. *Banking Comm. v. First Wisconsin Nat. Bank,* 234 Wis. 60, 97, 290 N. W. 735.

*By the Court.*—Judgment affirmed.